ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs

PAHL & McCAY
A Professional Corporation
Karen K. McCay, Esq. (State Bar No. 187664)
Servando R. Sandoval, Esq. (State Bar No. 205339)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone No.: (408) 286-5100
Facsimile No.: (408) 286-5722

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| HSIN TE CHOU, and YEN SHIUNG HUANG, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW TENG dba DRAGONWELL PAN ASIAN BISTRO and DOES 1-10<br><br>Defendants | Case No.: C08-00191 RMW (HRL)<br><br>JOINT CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of

California, the parties in this matter hereby submit this Joint Case Management Conference

Statement.

**CASE MANAGEMENT STATEMENT**
Chou, et al v. Andrew Tang

1                                                           **C08-00191 RMW**

**1.    JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint.  There are no existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

**2.    FACTS**

Plaintiffs allege that Defendant owned and operated at least one Chinese restaurant. Plaintiffs allege that they worked over 8 hours a day or more than 40 hours a week on regular basis, but were not paid for all hours worked.  Plaintiffs also claim unpaid meal break premiums for failure to provide required meal breaks under California law, and waiting time penalties for failure to pay all wages due upon termination under California Labor Code.  Defendant denies the allegations in the Complaint and alleges that Plaintiffs were fully compensated for all hours worked and that Plaintiffs were provided the opportunity to take all breaks and meal periods as required under the law.  Defendant further denies the remainder of the allegations regarding the remainder Labor Code Violations or violations of the FLSA.  Further, Defendant denies that this matter is proper for classification as a class action matter.

The principal factual issues in dispute are:

1.    Whether Defendant has paid Plaintiffs for all hours worked;

2.    Whether Plaintiffs were given the opportunity to take the required meal breaks.

**3.    LEGAL ISSUES**

Plaintiffs assert that Defendant owned and operated at least one Chinese restaurant. Plaintiffs allege Defendant failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Plaintiffs further allege that Defendant violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs.  Plaintiffs further allege that Defendants failed to pay them wages due upon termination in violation of California Labor Code § 201.  Finally, Plaintiffs seek restitution of overtime wages in accordance with California Business &

Professions Code § 17200. As set forth in Section 2 above, Defendant denies all of the allegations set forth in Plaintiffs' Complaint.

**4. MOTIONS**

Plaintiffs anticipate the filing of the following motions:

(a) Plaintiffs motion for leave to file the First Amended Complaint to allege claims pursuant to Private Attorney General's Act on behalf of all current and former employees – Defendants intend to oppose such a motion as Defendant contends there is no basis for such a claim;

(b) Plaintiffs' Partial Summary Judgment Motion for Liability and Damages;

(f) Plaintiffs' Motion for Attorney's Fees.

(g) Defendants' Motion for Summary Judgment.

**5. AMENDMENT OF PLEADINGS**

Plaintiffs will seek to amend Complaint to alleged claims under Private Attorney General' Act on behalf all current and former employees once they have obtained the clearance from the Labor Commissioner. Defendant contends that such a claim is entirely without merit and will oppose any proposed amendment.

**6. EVIDENCE PRESERVATION**

The Parties have been notified of the need to preserve all evidence, including all electronically stored evidence, and the Parties have taken steps to do so. Counsel for the Parties will discuss how to best preserve and obtain such evidence for discovery purposes. The Parties at this time do not believe there is any impediment to gathering and disclosing all such relevant information.

**7. DISCLOSURES**

Parties agree to serve their respective initial disclosure no later than June 27, 2008.

**8.     DISCOVERY**

The Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.     CLASS ACTIONS**

N/A

**10.    RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.    RELIEF**

Plaintiffs do not have sufficient information to ascertain the damages at this point. Defendant denies that any relief is appropriate in this matter.

**12.    SETTLEMENT AND ADR**

The parties agrees to participate in an Early Neutral Evaluation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

N/A.

**14.    OTHER REFERENCES**

Plaintiffs do not believe this case is suitable for a binding arbitration and will not agree to any other reference.

**15.    NARROWING OF ISSUES**

N/A

**16.    EXPEDITED SCHEDULE**

N/A

**17.    SCHEDULING**

The Parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

1  (a) Fact discovery cutoff on February 27, 2009;

2  (b) Expert reports March 13, 2009;

3  (c) Expert rebuttal reports April 3, 2009;

4  (d) Expert Discovery Cutoff April 30, 2009;

5  (e) Last day of hearing on dispositive motion on May 29, 2009;

6  (f) Trial starts June 29, 2009

7  (f) The parties agree to meet and confer concerning any modifications to this plan.

**18.  TRIAL**

Plaintiffs have requested a jury trial. The expected length of trial is 3-5 court days.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no person to disclose other than parties themselves.

**20.  OTHER MATTERS**

N/A.

DATED: June 3, 2008

By: /s/ Adam Wang
    ADAM WANG
    Attorneys for Plaintiff

DATED: June 4, 2008

By: /s/ Servando R. Sandoval
    Servando R. Sandoval
    Attorney for Defendants